**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HAROLD D. HORNSBY,

      Petitioner - Appellant,

v.

STEPHEN KAISER, [*]

      Respondent - Appellee.

No. 98-5192
(D.C. No. 95-CV-940)
(N.D. Okla.)

**ORDER AND JUDGMENT** [**]

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    In <u>Hornsby v. Kaiser</u> , No. 96-5210, 1998 WL 172616 (10th Cir. Apr. 14, 1998), we granted petitioner's motion to amend the caption to substitute his current custodian, Stephen Kaiser, for former custodian Edward L. Evans, Jr. Although the district court's order on remand named Edward L. Evans, Jr. as the respondent, we continue to use the caption identifying Stephen Kaiser as the respondent in this case.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Harold D. Hornsby appeals the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Because petitioner has not shown the district court's decision deprived him of a federal right, we deny his application for a certificate of probable cause and dismiss the appeal.

As the parties are familiar with the facts, we do not repeat them here.  This is the second time this habeas case is before us.  In      Hornsby v. Kaiser  , 1998 WL 172616, at **4, we remanded the case to the district court for an evidentiary hearing on petitioner's claim that his failure to raise certain issues on direct criminal appeal was excused by his attorney's ineffectiveness.  Petitioner claimed that after sentencing, he asked his attorney to withdraw his plea and file an appeal, but that his attorney failed to do so.  As grounds for withdrawing the plea, petitioner alleged that it was involuntary because he had relied on his attorney's promise of a suspended sentence, and that he never would have pleaded guilty had he known that he could receive a three-year sentence of imprisonment.

Pursuant to our order of remand, the district court appointed counsel for petitioner and held an evidentiary hearing.  Based on the record and the evidence presented at the hearing, the court found that petitioner had received effective

-2-

assistance from his attorney; that he knew of his right to withdraw his plea but did not ask his attorney to do so as a prerequisite to filing an appeal; and that petitioner admitted in open court that he knew he could be sentenced to three years' incarceration and that he had not been promised probation. The court concluded that petitioner had not shown cause for the failure to raise his habeas issues on direct appeal and that such issues were, therefore, procedurally defaulted. The district court denied petitioner's motions to vacate and to amend the habeas petition, and partially denied his motion to enlarge the record.

Petitioner seeks review of these rulings, arguing (1) the state's procedural bar was not an independent and adequate state ground which could bar further review of his issues; (2) relying on a default that took place before his conviction was used to enhance a subsequent sentence is unconstitutional; (3) attorney ineffectiveness claims cannot be procedurally barred for failure to raise them on direct appeal; and (4) the district court abused its discretion in denying his motion to vacate, motion to amend the petition, and motion to enlarge the record. In addition, petitioner has filed the following motions on appeal: (1) a motion to augment the record on appeal and to remand for an evidentiary determination of certain issues; (2) a motion to file an appendix to the motion to augment the record and remand; (3) a motion for a full plenary hearing on the motion to

augment the record and remand; (4) a motion to stay proceedings pending the plenary hearing; and (5) a motion to file an affidavit on appeal.

Because petitioner filed his habeas petition before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), he is subject to the pre-AEDPA requirement that he obtain a certificate of probable cause before bringing this appeal. To obtain such a certificate, petitioner must make a substantial showing of the denial of a federal right. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983). After reviewing petitioner's application and supporting documentation, we conclude he has not made such a showing.

The procedural default based on petitioner's failure to raise his issues on direct appeal is an independent and adequate state ground, and the ensuing bar did not deprive him of due process even if the default occurred before his conviction was used to enhance a later sentence. Moreover, even if we assume that petitioner raised ineffective assistance of counsel as one of his habeas claims, he has not made a substantial showing that the district court erred in finding, after an evidentiary hearing, that petitioner received effective assistance. Finally, petitioner has not made a substantial showing that the denial of his motions to vacate, to amend the petition, and to enlarge the record, deprived him of a federal right.

Petitioner's outstanding motions are DENIED. His application for a certificate of probable cause is DENIED, and the appeal is dismissed. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge